# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

DOYLE THORNTON TENO, III    )
    )
       Plaintiff,    )
    )
v.    )     No. 3:18-cv-00159-CLC-HBG
    )
MYRON IWANSKI, et al.    )
    )
       Defendants.    )

## DEFENDANTS STEVE MEAD AND LESLIE MEAD'S
## MOTION FOR IMPOSITION OF RULE 11 SANCTIONS

COME now into Court Defendants Steve Mead and Leslie Mead, by and through counsel, pursuant to Fed. R. Civ. P. 11(c) and request this Court to impose Rule 11 sanctions against Plaintiff, Plaintiff's counsel Hugh Ward, and Mr. Ward's law firm Young, Williams, and Ward, PC.

The sanctions Mr. and Mrs. Mead seek are for an award of their attorneys' fees incurred on and after January 31, 2019, to the present (not for all attorneys' fees incurred from the inception of the case). The reason for that time frame is that Plaintiff's response to the pending Motions for Summary Judgment were filed on January 31, 2019. The Response confirmed, by any objective and/or subjective standard, that Plaintiff had absolutely no facts in support of his case against the Meads. Thus, it was on this date that the standards of Rule 11 required Plaintiff to stop prosecuting a frivolous case. The amount of the award of attorneys' fees the Meads seek is $11,613.00.

1

All preconditions for filing this motion have been met.  First, on February 6, 2019, counsel for the Meads served Plaintiff's counsel with a draft version of this Rule 11 Motion and a Memorandum as required pursuant to Fed. R. Civ. P. 11(c)(2) and at that time Plaintiff's counsel was again called upon to dismiss the suit.  See **Attachment 1** to the First Declaration of Brian Quist, counsel for the Meads, filed contemporaneously herewith.  Plaintiff did not dismiss the suit within 21 days as requested.

Fed. R. Civ. P. 11 does not provide an outside time limit to file a Rule 11 Motion for sanctions, only that, per subsection (c)(1), Plaintiff have notice and a reasonable opportunity to be heard.  Further, the time period for post judgment applications for statutory attorney's fees at Fed. R. Civ. P. 54(d)(2)(A – D) do not apply.  (See subsection 54(d)(2)(E)).  As set forth in the Mead's Motion to Alter or Amend filed contemporaneously herewith, said Motion to Alter or Amend, and this Motion, is filed well in advance of the 28 day deadline for motions to alter or amend and the 30 day deadline pursuant to Local Rule 54.2.[1]

In support of this Motion for sanctions, Steve and Leslie Mead would show the following:

1.      Plaintiff's claims were never warranted by existing law nor warranted as a non-frivolous argument for extension, modification, or reversing existing law;

2.      Plaintiff's factual contentions as to the key elements of his Second Amended Complaint have never had evidentiary support.  Namely, in response to the

---

[1] Local Rule 54.2 extends the time period for filing claims for attorney's fees under Fed. R. Civ. P. 54(d)(2) from 14 to 30 days.

Motion to Dismiss filed by these Defendants and the Motion for Summary Judgment filed by these Defendants, Plaintiff provided no evidence that the federal statutes Plaintiff relied upon for Count One applied to defendants Steve and Leslie Mead. Further, as it regards Count Two, Plaintiff's compensation as Assistant Anderson County Trustee and Delinquent Tax attorney, Plaintiff provided no evidence that said compensation was anything but public record;

3.      Plaintiff and Plaintiff's counsel's refusal to stop prosecuting the suit after January 31, 2019, indicates the suit was brought, and continued, for an improper purpose to harass and needlessly increase the cost of litigation;

4.      Filed in support of this Motion is the First Declaration of Brian C. Quist, the Second Affidavit of Steve Mead, and a supporting Memorandum; and

5.      For the reasons set forth in the Memorandum, as sanctions, the Meads request reimbursement of their attorneys' fees incurred only since January 31, 2019, and not since the inception of the case. The amount of attorney's fees sought is $11,613.00.

WHEREFORE, Steve Mead and Leslie Mead respectfully request this Court grant their Motion for Rule 11 for Sanctions and award them their attorneys' fees incurred since January 31, 2019 to defend this case and to prepare this Motion and related documents.

Respectfully submitted this the __22nd__ day of April, 2019.

*[signature on following page]*

3

*/s/ Brian C. Quist*

_____

Brian C. Quist,      BPR #012762
Ann P. Kapsimalis,  BPR #035286
QUIST, FITZPATRICK, AND JARRARD, PLLC
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, Tennessee 37929-2121
(865) 524-1873
bcquist@QCFlaw.com
apk@QCFlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the **22nd day of April, 2019**, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail.

*/s/ Brian C. Quist*

_____

Brian C. Quist  TN BPR # 012762

4